IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| 619 N. CALHOUN STREET, LLC, | * | |
| Appellant | * | |
| v. | * | CIVIL NO. JKB-15-0419 |
| COLOMBO BANK, F.S.B., | * | |
| Appellee | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Pending before the Court is Appellee's motion to strike "Appellant's Brief" and dismiss the appeal. (ECF No. 14.) The motion has been briefed (ECF Nos. 19, 21), and no hearing is necessary, Local Rule 105.6 (D. Md. 2014). The motion will be granted.

On February 12, 2015, Morgan W. Fisher, Esq., counsel for 619 N. Calhoun Street, LLC, the debtor in this bankruptcy appeal, filed a notice of appeal of the bankruptcy court's decision granting Colombo Bank, F.S.B.'s motion for relief from the automatic stay on November 18, 2014. (ECF No. 1.) The same day, the Clerk of this Court docketed a briefing schedule, noting that Appellant's brief was due within thirty days from February 12, 2015. (ECF No. 2.) Just before the due date, Appellant's counsel filed a motion for extension of time to file Appellant's brief (ECF No. 3), which was granted (ECF No. 4). The new deadline was April 15, 2015. (*Id.*) On April 13, Appellant's counsel filed a motion to withdraw as attorney for Appellant, indicating he had not been paid. (ECF No. 5.) That same day, the bankruptcy court granted Appellant's counsel's motion to withdraw in that court. (*Id.*) Finding Mr. Fisher's similar motion in this Court appropriate, the Court granted it. (ECF No. 6.)

Also on April 15, Gerald Yeboah Omari, through his counsel, John Burns, Esq., moved to intervene and moved for an extension to the briefing schedule in the appeal. (ECF Nos. 7 & 8.) The motion for extension of time was granted (ECF No. 9), as was a successive motion by Omari to extend (ECF Nos. 10 & 11). It was the Court's understanding of Omari's two motions to extend that the only extensions being granted were as to Omari's brief in support of his motion to intervene. No motion was filed on behalf of Appellant to extend the briefing schedule. Then, without seeking leave of court or entering an appearance, Mr. Burns filed an "Appellant's Brief," purportedly as counsel for 619 N. Calhoun Street, LLC. (ECF No. 12.) In response, the Court ordered Mr. Burns to clarify whom he was representing in this case. (ECF No. 13.)

Mr. Burns's response was unusual, and not particularly enlightening:

> The United States District Court has entered an Order asking the undersigned to clarify whom he represents. The Order recites understandable confusion as to the intervention by Omari and the Brief filed by Appellant. The answer is that counsel represents both Omari and Appellant because they are one and the same. As a body corporate forfeit, the Appellant is Omari and Omari is Appellant. The undersigned will be filing a memorandum in support hereof; an Opposition to the Motion to Strike filed by Appellee and a corrected brief immediately which will make these matters apparent and obvious.

(ECF No. 15.) Mr. Burns also indicated he would file an "Application to Employ" him as counsel on behalf of Appellant (s*ee* ECF No. 16), but he never filed such a document.

Because the docket still did not reflect Mr. Burns's representation of Appellant, the Court ordered him to file his Entry of Appearance. (ECF No. 17.) Mr. Burns then filed an Entry of Appearance for "619 N. Calhoun, LLC aka Gerald Yeboah Omari." (ECF No. 18.) Mr. Burns has continued the use of similar fictitious nomenclature in another document filed in this Court. In opposition to Appellee's motion to strike "Appellant's Brief" and to dismiss the appeal (ECF No. 14), the putative intervenor refers to himself as "Gerald Yeboah Omari aka 619 N. Calhoun Street, LLC [a forfeited corporation]." (ECF No. 19.) Mr. Burns also filed a "Corrected

2

Appellant's Brief" (ECF No. 20) and, most recently, filed a "motion to withdraw as attorney," asking the Court to strike his appearance on behalf of 619 N. Calhoun, LLC (ECF No. 25). In between those two filings, Appellee filed a Line attaching an order of the bankruptcy court denying 619 Calhoun Street, LLC's request to retain Mr. Burns as counsel. (ECF No. 24.) The bankruptcy court determined that Mr. Burns was not "disinterested," within the meaning of the bankruptcy laws, because he represented Omari, who was seeking substantive consolidation of his bankruptcy estate with that of Appellant's bankruptcy estate; thus, he could not also represent Appellant, the object of the consolidation sought by Omari. (*Id.*)

The Court agrees with Appellee that Mr. Burns never entered a valid appearance on behalf of 619 N. Calhoun Street, LLC. (Appellee's Opp'n 1, ECF No. 26.) Instead, he always qualified his filings with the fictitious nomenclature noted *supra*. No party in this case is named "619 N. Calhoun Street, LLC, aka Gerald Yeboah Omari" or "Gerald Yeboah Omari aka 619 N. Calhoun Street, LLC." Omari may wish to be perceived as one and the same with Appellant, but that does not make it so. Concomitantly, permitting Omari to intervene in this case would frustrate the orderly administration of cases now before the bankruptcy court. Omari's argument is more appropriately directed to that court, not in the first instance to this Court. Furthermore, the Court finds persuasive the bankruptcy court's denial of Mr. Burns's application to represent 619 N. Calhoun Street, LLC, based upon an obvious conflict of interest. It would be anomalous for that standard to apply only in the bankruptcy court and not also in this Court. *See Winterhalter v. Office of the U.S. Trustee (In re The Harris Agency, LLC)*, 462 B.R. 514, 522-24 (E.D. Pa. 2011) (affirming bankruptcy court's disqualification of counsel by same standards employed by bankruptcy court).

Thus, the Court concludes that Mr. Burns should not be considered as ever having represented Appellant. To the extent the docket indicates he is the attorney for Appellant, the docket will be amended to reflect otherwise. Additionally, Appellant has had no representation since Mr. Fisher withdrew, and no brief was ever properly filed on Appellant's behalf. Consequently, any document filed as "Appellant's Brief" will be stricken. Finally, because Appellant did not prosecute this appeal according to the Court's rules, the appeal will be dismissed. *See* Local Rule 404.3 (D. Md. 2014) (upon appellee's motion, and after time for response, court may dismiss bankruptcy appeal for noncompliance with Bankruptcy Rule 8018 requiring timely filing of appellant's brief). A separate order will follow.

DATED this __26th__ day of June, 2015.

                                                  BY THE COURT:

                                                  _____/s/_____
                                                  James K. Bredar
                                                  United States District Judge